Case No. 22-5121 Optimal Wireless LLC Avalance v. Internal Revenue Service et al. Mr. Freeman for the Avalance, Ms. Gassel for the Avalanche. Good morning, counsel. Mr. Freeman, please proceed when you're ready.  Thank you, Mr. Chairman. Please report. We're here to discuss what this case is about, but I first want to be clear what it is not about. It is not a challenge to the Affordable Care Act. We are asking that the ACA be applied as it was written by the Congress that enacted it. We're not here to upset the apple cart. Our position would actually strengthen the Affordable Care Act. It would insulate it from inevitable challenges that come from characterizing it as a tax, such as challenges as a direct tax. And more acutely, it would insulate it from the consequences of the government's position here that would open it up, at least would open every prior assessment of the employer mandate up to a challenge for a failure to issue a notice of deficiency. So at base, your honors, the government's position is fundamentally flawed. Either the exaction is a penalty, in which case the Anti-Injunction Act does not apply, or it is a tax that clearly required a notice of deficiency, in which case the Anti-Injunction Act does not apply. Couldn't it be a penalty that Congress called a tax? And the question we're asking is, what did Congress call it? I mean, Congress can call a penalty a tax if it wants, and that's the question before us, isn't it? Your honors, it is true that an NIFIB… I mean, it's not a constitutional case. We're just trying to interpret a statute. And the question is, what did Congress intend here? It called it a tax three times. And, you know, maybe you can make a good argument that it's a penalty, but Congress called it a tax. You're correct, your honor. It did call it a tax, several isolated… You can call them isolated, but it's part of the statute. Certainly, it… That's the only thing we have to go on is the language of the statute. And, you know, every provision of the statute is, I suppose, isolated from every other one. But there are three times when it calls it a tax. And so… Even if I thought you were right that, look, it really does look like a penalty, Congress called it a tax. You're correct. An NIFIB, the Supreme Court certainly said that generally the best evidence we're going to have is the statutory tax. Right, right. I will tell you, we don't ride on a clean slate. That's for sure. So, in addressing your position, I'll give it kind of the context that helps flesh that out. Our position aligns with the Supreme Court's decision in NFIB. It held there that the individual mandate was not a tax for purposes of the Anti-Injunction Act. It so held, despite the fact that the Joint Committee of Taxation had described it as a tax, that it is located in the Internal Revenue Code, refers to the payor as a taxpayer, requires payment with the taxpayer's tax return, is computed on the basis of gross income, and exclusively tax concepts, and was not even owed if a tax return was not required to be filed. Our position, though, to your question, Your Honor, is also entirely consistent with, and I would argue compelled by, the tax. So, the government's position gives talismanic effect to arguably three isolated uses of the word tax. The Supreme Court's admonition in NFIB is that the best evidence of congressional intent is the statutory tax, not an isolated label. But that is statutory tax. Here, section, section, okay. Title 42, section 1808, 1F2A. It says, you know what it says. It says the secretary shall establish a separate appeals process for employers who are notified that the employer may be liable for a tax imposed by section 4980H. That's, that's, that's the statute. It says, it says 4980H is a tax. Your Honor, I, I agree that language is in there. I would note two things. So, your argument is that it's isolated. Is that the point? My argument is in context, it is isolated, Your Honor. What does that mean? Well, I, I use it. I use that language because, for one thing, Congress initially and predominantly used the word assessment payment. It used it seven times throughout, and it also utilized the word penalty. In fact, in F2B of the same statutory provision you're referring to, it then went on to refer to it as penalty. And I would also note that in F2A of the provision you've referred to, the appeals process that is contemplated or directed there by Congress was never, ever established. So, can we start with assessable payment? So, there's, there's two alternate formulations. One is assessable payment. There's three in the case. One is tax. One is penalty. One is assessable payment. And I think it's one thing to argue that they're all hermetically sealed from one another so that they're mutually exclusive. So, it has to be one or the other or the other. That can't possibly be right because 4980H just doesn't work if you look at it that way. 4980H uses the term assessable penalty and then uses both the term penalty and tax to describe the assessable penalty. It just seems to me from the structure of 4980H, we already know that the first term, assessable payment, sorry, I said assessable penalty. I meant to say assessable payment. I think it also does say assessable penalty. It does. But let's just take assessable payment. So, if we take assessable payment, that could encompass both a tax and a penalty. Just descriptively, it just seems to me to be pretty self-evident that an assessable payment includes descriptively a tax, which is assessed, which is paid, and it also could include a penalty, which can be assessed and which can be paid. So, the term assessable payment doesn't seem to me to do a lot of work in deciding whether this exaction counts as a tax for purposes of the I would disagree, Your Honor, respectfully, on several grounds. First. You disagree that an assessable payment can include a tax? For certain limited purposes or if Congress were to clearly state that, I certainly agree that it could. You just think as a matter of ordinary English that assessable payment, that a tax could be considered an assessable payment? I don't. Now, I believe in context here, and I believe, and I will point out one thing at the beginning. I recognize, as I think we probably all do, that these provisions we're dealing with are not a model of clarity. We wouldn't be here if they were. But we don't, again, ride on a blank slate, and we have to look at this through a burden framework, a burden framework. Now, the government offers literally a talismanic incantation framework. The word tax was used there. Even if the context doesn't indicate that that's what it was intended, that it is a magic word that leads to anti-injunction application. We offer a burden that is consistent with and I believe compelled with by the R by Reed Elsevier line of cases. So can we just let's just assume I have your argument on that. But let's just assume we take that part of the case and put it to the side. That we're not talking about an extra burden to show that something constitutes a tax. Because I do think there's a lot of force to the government's submission. That the burden is to determine whether the statute speaks clearly enough in saying that a particular element at issue is a jurisdictional one. And the Anti-Injection Act already does that. It shows that it's jurisdictional. It doesn't mean that in determining whether something implicates that jurisdictional consequence, that also has to be clear. I think there's some force to that submission. I know you resist that, but let's just put that to one side. Burden just on the text. If we just say that there's no burden that is unduly encumbering one side or the other. Just on the text. It just seems to me from the structure of 4980H, it does use the term accessible payment. As a matter of ordinary English, it seems to me a tax can be a form of accessible payment. And the structure of 4980H seems to do that. Because it says accessible payment throughout. But then it also says sometimes that the particular accessible payment we're talking about is a tax. So to your point, Your Honor, page 546 of the opinion in NF5B. There the court analyzes. Specifically, I'm talking about the two paragraphs where it analyzed section 6201. The Supreme Court there, if you've got a Westlaw print off, it's on the top right-hand corner. There the Supreme Court expressly stated that you can't read the text in isolation. So it was analyzing section 6201. And it expressly rejected the argument that accessible penalties are taxes. I believe that portion of that analysis dismantles the government's entire harmonization argument. And goes directly to your point, which is a good one. But I believe the Supreme Court has spoken on it. I would also make two other points on this, Your Honor. The Supreme Court also made... So that's accessible penalty, not accessible payment. Correct. But the same logic. I don't think so. I think there's a separate question about tax and penalty. Which needs to be addressed and we can get to that. But just in terms of accessible payment, why isn't a tax an accessible... Just by every ordinary definition I'm aware of, it is assessed and it's a payment. So point two, I think, will address that. Okay. Directly on point. So, Your Honor, section 49A.H.D.1. It provides that accessible payments shall be assessed and collected in the same manner as an accessible penalty under subchapter B. As the Supreme Court in NFIB observed expressly, it said the fact that the code requires there that accessible penalties should be assessed and collected in the same manner as taxes, quote, makes little sense if accessible penalties are themselves taxes. That critique from the Supreme Court is magnified here where the code provides that accessible payments should be assessed and collected in the same manner as accessible penalties, which are in turn assessed and collected in the same manner as taxes. So then is the upshot of your argument... So the Supreme Court wasn't looking at this provision because it seems to me that something that counters all that is a provision that actually uses the term tax. It just uses it. Is your... The upshot of your position then that in the multiple references, I count four references to this as a tax, that those are just mistakes? First, the predicate to the question, Your Honor. The Supreme Court there in that portion of the NFIB was interpreting a very closely, almost exactly parallel provision that dealt with how the employer mandate would be assessed and collected. So I think a close reading of those portions of that portion of the statute will show that it is on all fours. The provision is 6201? Not the provision of 6201, though that one also is relevant. The reason I've led with that... But 49ADD? 49ADHD1. Yes, Your Honor, was and hence the reason I believe the logic carries through in exact parallel here. If I could, your question again, Your Honor, so I can make sure... So this one says tax is your multiple times, three times in 49ADH itself. It's referred to as a tax. Are those just mistakes? I believe it's two times in 49ADH. Well, I'm counting the title. I don't want to quibble about that because your point, I think, is the same either way. Yeah, just as a counting purpose, I'm counting the title too. Okay. Because the title says tax, non-deductible, and then it says for denial of deduction for the tax. So I won't go so far to say that it's a mistake, but we have to also ask, I mean, what does assessable penalty mean? That's an unnatural phrase that has never been used before in the Internal Revenue Code. In fact, in the... Assessable payment. Assessable payment, yes, Your Honor. We've researched that. I believe that is correct. It's not, but it is most certainly an unnatural phrase where I think the default go-to language of the English language would have been tax, or not even thinking about the AIA. Just that would be the natural thing to say there, especially if you thought, so the fact that you deviate from that says something. But you don't because you also say tax. I won't say that, but I won't say it's a mistake, but each provision does have an explanation that does harmonize the provision. So, for example, we've pointed out in our brief that one use of the word tax parallels with Section 275, which denies certain taxes, which, by the way, deductibility of certain taxes, which, by the way, are not all federal taxes. So not all taxes within the meaning of the Anti-Injunction Act. There's a very... There's an explanation for that provision, but I do go back, and much of my argument does hinge on the fact that I do believe that the Reid-Elsevier line of cases does provide the appropriate framework, and I think if you look at the Supreme Court's decision in, I believe it's National Marketing, an opinion by Justice Thomas, he does expressly look to that line of cases as supporting a narrow interpretation of a provision there. It was the Tax Injunction Act, but as you're probably aware, it's interpreted completely in parallel. And so he did look to that as part of the analytical structure for whether or not that applied. And I think you do have to have a framework here. It can't be a magic word because we all know, and this statute is a great example, we all know how these things get written, and there are a lot of hands in there. And we're ultimately looking at Congress as a body, what was its institutional, right, its institutional intention, and we're working against a framework that requires that if you're going to do this extraordinary thing and keep people out of court, you need to speak clearly on it, but also by the way... For the reasons Chief Judge Srinivasan said, just assume that's not right for a minute. We're just looking at the language of the statute and trying to make the best judgment we can about what this is, right? Yes. So what's your best argument, setting aside your argument about burden, what's your best argument if you just look at the statute? Well, if we just look at the statute... Just plain old statute. What did Congress say? And as you know, an assessable payment can be a tax, and they've said three times it's a tax. So if I accept your premise that it is a tax... No, no, no. No, don't accept my premise that it's a tax. That's the issue. I mean, I'm happy to have you do it, but I don't think I want to do that. It's actually not. Accept my premise that this is just a straightforward question of statutory interpretation. You said it extremely well a minute or two ago. This is a messy statute. There were lots of hands in it. It's not at all... If Congress spoke clearly, we wouldn't be here. But the fact is we have to do the best we can. And without any additional burdens or anything like that, I want to know what your best argument is that this assessable payment, which they call a tax, is in fact not a tax. Your Honor, if I said it well, could we just have it read back? So, Your Honor, Section 74... I only ask the question because you keep going back to your burden. I do, and I won't this time. Okay, fine. It's clear I should not. Section 7421 provides that, and there is important... There is important predatory language there. Except as provided in ellipses 6212A and 6213A, no suit for the purpose of restraining or enjoining shall be brought. 6212 and 6213 both require that if... For the government to impose and assess a tax, it must issue a notice of deficiency. So that, for one thing, is a very important statutory provision that indicates that, well, if this is a tax, everything that's been assessed to date was wrong. We've blown up the whole system. Everything. If it's not a tax, then we've got the ability... And I maintain it's not. I don't think Congress would have done something. If it's not a tax, well, then we're not barred by the anti-injunction act. I think that is probably, quite honestly, the best argument out there as to why this is not a tax. And it does save the employer mandate. Was that argument made to the district court? Your Honor, it is part and parcel of what we've been arguing throughout. So I would argue not voiced or not expressed exactly the way that I did, but we did address literally all these issues and notice of deficiency issues. But it was not expressed in that manner. So deficiency in 6211A says that it applies to income, estate, and gift taxes imposed by subtitles A and B. And excise taxes imposed by chapters 41, 42, and 43. This obviously, you're not arguing that this is an income, estate, or gift tax. So you're saying it's an estate, it's an excise tax imposed by chapter 41, 42, 43, or 44? It does appear in chapter 43. That's where it's housed or codified. To be clear, I'm accepting a premise that I don't actually believe it is a tax. But this is an argument in favor of our proposed interpretation that, well, if this is a tax, as I believe the government myopically argues, the consequence of that, and I don't mean that against counsel, I just mean that this is, I believe, an unforeseen consequence of that position, is that, well, then you are clearly required to issue a notice of deficiency. And that is truly, that will bring on the swell of cases that will challenge this. And that is an issue that will disrupt, if not dismantle, this entire statutory framework. I think what I mean is that our concern, I mean, Congress makes their bed and they lie in it. It's a policy concern to them, not us. Agreed. I think that end policy concern, I don't think that can be a stated reason for it. But I do think that is relevant. I mean, it is an accepted canon or modality of textual interpretation to look at, well, what would the consequences of this be? Not for that in and of itself, but in terms of getting inside the head of the institution of Congress and their intention, and would they have intended that? I don't believe so. And so I do believe that is a relevant consideration. I think the government might, as I understood the government's argument, they don't accept that that provision, that notice of deficiency provision, actually relates to the 49 ADH section. But we can hear from the government on that. And unless my colleagues have further questions, we'll give you some time for rebuttal. Can I speak to that particular point very briefly? Very briefly. Your Honor, so I believe they're dead wrong on that. Section 301.6211-1A, that's the Treasury regulation that deals with this, specifically deals with taxes under Chapter 43, among others, and specifically deals with situations where there's not a tax return to be filed or filed, and does, by regulation, define deficiency here. And so that would be my position on that. Okay. Thank you, Counsel. Thank you, Your Honor. Ms. Del Sol. Good morning, Your Honor. May it please the Court, Ellen Del Sol for the government. We believe the statute here clearly does label this exaction as a tax in 49 ADH, and as I'll address in a minute, the deficiency procedures under 62.11 through 63.13 are not applicable here. And no exception to the Anti-Injunction Act was raised below, so that wasn't flushed out below. I'd like to talk first about the statutory text. As Your Honor pointed out, as you pointed out, the term accessible payment is used throughout the statute, and that could theoretically, you know, it probably could be a tax because the tax is assessed and paid. But I think Section B2, paragraph B2, is particularly enlightening on this, because paragraph A and B, E1, oppose the tax and call it an accessible payment. And then in B2, it says the tax imposed by the previous paragraph. And so I think by saying it's the tax imposed by the previous paragraph, Congress very clearly said equated accessible payment with tax. So that instance, I think— You're talking about the language— —of B2? The aggregate amount of tax determined under paragraph 1. Yes. So and then paragraph 1 imposes the tax. So when you're looking at those two statutes together, or those two paragraphs together, it certainly indicates that the accessible payment is a tax. So paragraph 1 calls it an accessible payment. That is correct. And then 2 calls that accessible payment a tax. And then 2 says the tax imposed by the previous—or determined by the previous section. And 2 is the cap on the accessible payment in 1. So I think that linkage of the term tax with accessible payment is very telling about Congress's label here. And secondly, in C7, which the Fourth Circuit really discounted in the Liberty University case that goes the other way, in C7, it's called a tax. And then Congress specifically points to Section 275, which is the non-deductibility provision for taxes. And in Section 162, which deals with business expenses, Section 162S provides the penalties for not deductible. And I think it doesn't make sense that Congress would have said it's a tax and it's not deductible under 275, which is the provision that deals with deductibility of taxes. If they really meant it was a penalty, they would have then called it a penalty and then pointed to the section that deals— Well, isn't it a penalty, too? I'm sorry, Your Honor? Isn't it also a penalty? Well, you know, I think the important thing for the Anti-Injunction Act purposes is whether it is labeled as a tax. And I think these two things are two very clear signs it's labeled as a tax. But isn't it also labeled a penalty? The only point at which it's labeled a penalty in the Internal Revenue Code, which is, I think, the relevant statutory provision for looking at Congress's intent with respect to the Anti-Injunction Act, is in a heading. And Section 7806 of the code specifically says no inferences are to be drawn from headings. And it's also in a section called excise taxes. So if you're going to draw inferences from headings, they really don't— I thought it was also in the text of—it's in the heading in 49ADH. Following this through, 49ADH C2D. C2D. Where it says application of employer size to assessable penalties. I'm sorry. Well, so— C2D. That applies, right? That's in the heading, but it says application of employer size to assessable penalties. In the heading, yes. But I'm sorry. I don't see it in the text. Then it's in the text of 18081. Oh, yes. It does say—and we did miss that when we were briefing it. In 1081, it calls it both a tax and a penalty. Right. But that is not in the Internal Revenue Code. Okay. But that's Congress speaking to this particular— It's Congress speaking, but I think in the first instance in F, it's talking about the imposition of the tax. The second one is more—is talking about confidentiality provisions, and I think less speaking to the type of the action. But it says it's subject to the penalty under Section 49ADH of Title 26. That's true. That is correct. Pretty direct. Yeah. But at the same time, I think to the extent that that doesn't really help figuring out what the Internal Revenue Code means because you have two conflicting statements. Well, that's what I'm wondering. Are they conflicting? Because it sounds to me like you think the reference to it as a penalty was wrong. Well, Your Honor, I think there are instances where penalties are treated as taxes. But I think NFIB takes the—you know, it says just because this is a penalty, it's not necessarily treated as a tax. But maybe it could be a penalty and a tax. Well, that's what I'm wondering is what's your position because it seems to me one way to square all this is to say there's assessable payment. An assessable payment can be either a tax or a penalty or both. In this situation, Congress referred to this assessable payment in some circumstances as a tax and in some circumstances as a penalty. So it's just both. Well, to the extent that it's a tax at all, certainly the Anti-Tax Act applies and provides a very clear jurisdictional bar. Right. So what I'm asking is the references to this exaction as a penalty. There are references in the U.S. Code to this exaction as a penalty. That is correct, Your Honor. Yeah. And so are those mistakes or are they totally fine because this exaction can be both a tax and a penalty? It seems to me it has to be one or the other. If there's a third alternative. I don't know that I know the answer to that because I would have to, like, be able to figure out what Congress meant by that. But what's the government's theory? Is the government's theory that the references to this exaction as a penalty are just Scrivener's error or mistakes? Or is it that no, they refer to as a penalty, which is OK, because something can be both a penalty and a tax. I don't think the possibility of something that is both a penalty and a tax for purposes of the Anti-Injunction Act is something that is something that couldn't happen. In Subchapter B of Chapter 68, there are a whole group of penalties that are treated as taxes and are taxes for Anti-Injunction Act purposes. So I think that is a viable theory, Your Honor. And is that your theory? What would you have us do? I think that makes sense, Your Honor. But does it make the most sense? I mean, we have to write an opinion that wrestles with the fact that the statute refers to this as a penalty. It just does. Yes, it does. And so then the question is, what do we do with that? We can't ignore it. We can't just pretend like it doesn't exist. So what would the government urge us to do with the references in the code? And I'm counting Title 42 as part of the code, not just the Internal Revenue Code. The U.S. code to this 4980H assessable payment as a penalty. Well, I think you could say that it is a tax and a penalty. But I think for Anti-Injunction Act purposes, the references in the Internal Revenue Code as a tax are what should be referred to as a penalty. Right, I get that. I get the conclusion, but you need that one. But when you say you could say it's both, I'm just asking you, what would you have us say if you controlled? You don't. We get to make our decision. But we also often ask. I don't see a problem with saying that, Your Honor. I don't see a problem with it. I'm sorry to be picky on this, but it actually matters. You're okay with it. But I'm asking you, the government. I'm just asking the government, what's the government's theory so that we have the benefit of knowing what the government thinks we should do? Not what we could do, what we should do. But the fact that the U.S. Code refers to this as a penalty. Well, I think it certainly could be a penalty for purposes under the HSIH provisions. And that would certainly make sense for it to be treated as a penalty for some purposes, but for purposes of the tax code. And is that what you think we should do with the references? I think that's a reasonable thing to do with the reference, Your Honor. But I think the important thing here is that it's a tax. Do you think it's also reasonable? I'm sorry to quibble on this, but it actually matters to me. Do you think it's also reasonable to say that the references to it as a penalty were mistakes? I don't know the answer to that, Your Honor. I'm sorry. I'm not familiar enough with the HHS side of things to be able to answer the question about whether it could be a penalty under those provisions. And I think for tax code purposes, it is clearly, you know, it has the wording of a tax, which is positive for anti-injunction purposes. I see my time is running out. Would it be fair to say, just to pursue this line of questioning, that you don't know whether it's a mistake or not, but if it's not a mistake, and if Congress meant to say penalty, a penalty can still be a tax. I think that's true. That's your position. Yeah. I mean, I think one of the problems that we run into is that in an FIB where it was a penalty for anti-injunction purposes, Congress declined to read that as moving it into the kinds of penalties that are expressly treated as tax under the Anti-Injunction Act. So I think, you know. Because on that one, it was never referred to as a tax. Right. But here, the anti-injunction, it is referred to as a tax. So, I mean, to us, you know, I haven't, as I said, I haven't got a full enough picture of whether in non-tax context that might be a penalty for some reasons. But I think for the. I mean, it's meant to be a friendly question because it's assuming that you win on the conclusion that because the statute refers to it as a tax, it counts as a tax on it for Anti-Injunction Act purposes. Then the question becomes, okay, but it also refers to it as a penalty. So what do we do with that? Yeah. I guess the other piece that Optimal's relied on is this deficiency argument. And I think it's important to recognize that the deficiency procedures only apply to taxes that are reported on a return where you have to report a tax liability. The definition of deficiency in 6211 is a term of art that has that limitation. And there are lots of taxes, including this one, that are not reported on a return. There is a return filed under 656 that they point to, but that doesn't report the amount of tax. That just reports if the employer is providing health insurance. I see. So your theory is the notice of deficiency language applies when you have to report it on a return. That's correct. And the presumption, if you read the regulation as a whole, and it talks about what the taxpayer is deemed to have reported on his return, it assumes there's a return of court reporting tax. So the assuming it's zero approach that they argue that the regulation calls for, assuming that they reported zero in their return if there's no return, is not correct. There has to be a return that reports tax for the deficiency procedures that kick in. And it's also your position that this argument wasn't raised? It was not raised below, and no exception to the Anti-Injunction Act was raised below at all, Your Honor. Make sure there's no further questions. Thank you very much. Thank you, counsel. Mr. Freeman, we'll give you two minutes for rebuttal. Thank you, Your Honor. I will note, I think it's a big thing to come to a conclusion that Congress made a mistake, and so every canon out there of construction would lead me to try to avoid that if possible. Sure, which equally applies to the fact that they use the term tax. Yes, granted, which I don't know that that helps my position. Yes. Right? Take my point, yeah. But that is, that's how I would candidly approach it. It doesn't mean that I'm not going to be right, but it does mean I recognize that's not the best thing for my position. But it does seem very highly unlikely to me that Congress meant to signal, and again, we don't write on a blank slate. We write in light of NFIB and the fact that the individual mandate is not a tax for AI purposes. It seems highly unlikely that Congress meant to signal with these, as I maintain isolated references to tax, mistake or not, that mandates here should be treated differently for Anti-Injunction purposes. That seems highly unlikely. I would point out that in NFIB, it really is not, it's really not a groundbreaking proposition there that the best evidence would be the statutory tax. And granted, they wrote in a position where the label, at least, was not all over the place like it is here. Right? So that makes it definitely the best evidence, and best there could mean that's what we would love to be hanging our hat on. But where it's equivocal, as it is here, it doesn't foreclose. NFIB doesn't in any way foreclose, resort to the normal analytical tools to interpret. And I would note the structure of the ACA is important here. So the employer mandate, it falls under Title I entitled Quality Affordable Health Care for America. The final title, Title IX, is titled Revenue Provisions. It enacts multiple express taxes. Sections, for example, 9008, 9009, 9010 impose fees that are, quote, treated as excise taxes and that are specifically and expressly made subject to the Anti-Injunction Act. And on multiple occasions, for example, Section 3008-4, 3007-2, 3008-A, Congress expressly, expressly removed judicial review just as it would with the Anti-Injunction Act. I want to note that with respect to this argument of waiver, the case law on this is clear. That is left primarily to the discretion of the appellate courts, particularly where novel, important, and recurring questions of federal law, particularly those that relate to threshold issues like jurisdiction, that this court routinely takes those up, especially where they are legal issues. And that's really what we have here. This really elaborates on the two sides of the same exact point, just a different emphasis for us. But we have a novel, important, recurring issue here related to a threshold question.  One last point. Briefly, please. Ultimately, I think the government here asks the court to rewrite the statute in the name of harmony. But the question is, did Congress, through the text that it actually enacted, did it clearly state an intention that this is jurisdictional? And if it did not, then the statutory text is already in harmony. Thank you. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Wilkins, Tatel